# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -- )
)
DCX-CHOL Enterprises, Inc. ) ASBCA Nos. 61806, 61807
)
Under Contract Nos. SPE4A6-14-M-B838 )
SPE4A6-16-M-H907 )

APPEARANCES FOR THE APPELLANT: Mark R. Thomas, Esq.
Marcos Gonzalez, Esq.
  Reid Law PC
  Denver, CO

APPEARANCES FOR THE GOVERNMENT: Daniel K. Poling, Esq.
  DLA Chief Trial Attorney
Robert E. Sebold, Esq.
  Trial Attorney
  DLA Aviation
  Richmond, VA

## OPINION BY ADMINISTRATIVE JUDGE SHACKLEFORD ON THE GOVERNMENT'S MOTIONS FOR SUMMARY JUDGMENT

The government moves for summary judgment, arguing that appellant cannot, as a matter of law, prove that the government is liable for appellant's failure to timely deliver on the contracts at issue herein, because in signing the bilateral modifications, which changed the initial delivery dates on both contracts, appellant waived any argument it had that the government caused the delay in delivery. Appellant opposes the motion, alleging that the government is at fault for its failure to timely deliver the contracted products and appellant requires additional discovery to prove this fact. The Board denies the motions.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTIONS

*Facts Pertaining to ASBCA No. 61806, Contract No. SPE4A6-14-M-B838*

1. On March 28, 2014, the government awarded purchase order SPE4A6-14-M-B838 to appellant for the production of 18 branched wiring harnesses (ASBCA No. 61806 R4, tab 1 at 10-11) (hereinafter referred to as 61806 R4). The contract obligated appellant to submit one branched wiring harness as a first article approval by September 24, 2014, and subsequently, a production quantity of 17 branched wiring harnesses 180 days after first article approval (61806 R4, tab 1 at 11, 13).

2. The contract contained various standard clauses, including Federal Acquisition Regulation (FAR) 52.233-1, DISPUTES (JULY 2002); FAR 52.249-8, DEFAULT (FIXED-PRICE SUPPLY AND SERVICE) (APR 1984); and FAR 52.209-04, FIRST ARTICLE APPROVAL–GOVERNMENT TESTING (SEP 1989) (61806 R4, tab 1 at 13, tab 5 at 7-8).

3. Appellant submitted the first article on March 23, 2015 (61806 R4, tab 9 at 4). By letter dated August 5, 2015, the government informed appellant that the first article test had been disapproved, but no deficiency report was included with the correspondence (61806 R4, tab 32 at 7-8). The deficiency report for the failed first article test was provided to appellant on January 26, 2016 (61806 R4, tab 31 at 1).

4. On February 26, 2016, the government requested an updated delivery date for a revised first article submission and appellant requested an updated technical data package (TDP) (61806 R4, tab 32 at 1). On April 29, 2016, appellant notified the government that they never received an updated TDP (61806 R4, tab 33 at 3). On May 4, 2016, the government provided updated information to appellant on how to access the current TDP (*id.* at 1).

5. On September 29, 2017, the government issued a show cause notice to appellant (61806 R4, tab 14 at 2-3). In response, on October 2, 2017, appellant requested the government update the TDP, so it could address the noted discrepancy (61806 R4, tab 15).

6. On October 25, 2017, the government proposed a no-cost cancellation of the contract, invoking the terms of a different contract between the parties (61806 R4, tab 16 at 4). Appellant replied on October 31, 2017, and indicated that it was not accepting this proposal and that it would provide a first article for testing within two weeks (*id.*). The government accepted this proposal on November 9, 2017, and proposed a post-award conference to clarify remaining questions (*id.* at 2-3).

7. At the post-award conference on December 5, 2017, the government and appellant discussed problems with contract performance and outstanding questions on the TDP (61806 R4, tab 34 at 3-4). On January 5, 2018, the government provided answers to the questions from the post-award conference; appellant asked for further clarification on January 23, 2018, and then asked for further clarification on one question on January 25, 2018 (61806 R4, tab 35 at 21-22, tab 18 at 1-5). Following continued back and forth regarding a continuing ambiguity on the remaining technical issue, the government advised appellant to resubmit the first article with the technical data it had (61806 R4, tab 23 at 1).

8. Modification No. P00001, issued May 23, 2018, reset the delivery date to August 22, 2018 (61806 R4, tab 2). It also specified that if the first article re-submission

was not delivered by the new delivery date, or was disapproved, the contract might be terminated in its entirety at no cost to the government. Appellant signed the modification. (61806 R4, tabs 2, 24) Appellant did not deliver the first article by the August 22, 2018 delivery date (61806 R4, tab 27).

9. On August 27, 2018, the government issued Modification No. P00002 and terminated the contract for default (61806 R4, tabs 3-4).

10. Appellant filed a timely appeal to the Board on September 21, 2018, which was docketed as ASBCA No. 61806.

*Facts Pertaining to ASBCA No. 61807, Contract No. SPE4A6-16-M-H907*

11. On August 3, 2016, the government awarded purchase order SPE4A6-16-M-H907 to appellant for the supply of 12 radio frequency cable assemblies (cable assembly). The contract obligated appellant to submit one cable assembly for production lot testing by January 3, 2017, and to submit the remaining 11 cable assemblies by May 1, 2017. (ASBCA No. 61807 R4, tab 1 at 1-3, 7-8) (hereinafter referred to as 61807 R4)

12. The contract contained various standard clauses, including FAR 52.233-1, DISPUTES (MAY 2014); FAR 52.249-8, DEFAULT (FIXED-PRICE SUPPLY AND SERVICE) (APR 1984); and FAR 52.209-04, FIRST ARTICLE APPROVAL–GOVERNMENT TESTING (SEP 1989) (61807 R4, tab 1 at 9, tab 6 at 7, 20).

13. Appellant did not deliver the first cable assembly for production lot testing by the due date. On January 3, 2017, appellant emailed the government to request that production lot testing for the first cable assembly be submitted by April 15, 2017, and production of the remaining cable assemblies be submitted by September 25, 2017. On January 26, 2017 and February 16, 2017, appellant sent follow-up requests to the government for an extension of the delivery date. (61807 R4, tab 9)

14. In bilateral Modification No. P00001, signed February 22, 2017, the delivery dates were extended to May 1, 2017 for the initial cable assembly production lot testing and September 25, 2017 for production of the 11 remaining cable assemblies. (61807 R4, tab 2 at 2, tab 10 at 1-4, 7-8)

15. Appellant did not deliver by May 1, 2017, and on May 2, 2018, the government issued a show cause notice to appellant (61807 R4, tab 14 at 2-3).

16. On May 10, 2018, appellant responded that it would present a first article for approval by the end of June 2018 (61807 R4, tab 15). The government issued Modification No. P00002 to establish a new delivery date of July 13, 2018. The modification noted that "if the contractor is delinquent in meeting the delivery

schedule of the contract . . . the contract could be terminated for default." (61807 R4, tab 3 at 2)

17. On July 10, 2018, the government received notice that appellant had cancelled source inspection and would not meet the delivery date of July 13, 2018 (61807 R4, tab 17 at 1).

18. On July 16, 2018, the government issued Modification No. P00003, terminating the contract for default for failure to timely deliver (61807 R4, tabs 4, 19).

19. Appellant filed a timely appeal to the Board on September 21, 2018, which was docketed as ASBCA No. 61807.

<u>DECISION</u>

The government moves for summary judgment in these appeals,[*] asserting that there are no material facts in dispute and it is entitled to judgment as a matter of law in both appeals. Appellant alleges that material facts are in dispute and it is entitled to take discovery in this matter prior to decisions being rendered (app. reply br. in ASBCA No. 61806 at 4-10; app. reply br. in ASBCA No. 61807 at 3-5).

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987); *Arko Executive Services, Inc. v. United States*, 553 F.3d 1375, 1378 (Fed. Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)); *see also* FED. R. CIV. P. 56(a). A material fact is one that might affect the outcome of an appeal. *Revenge Advanced Composites*, ASBCA No. 57111, 11-1 BCA ¶ 34,698 at 170,883 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the burden of establishing the absence of any genuine issue of material fact, and all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 330 n.2 (1986). "We draw all justifiable inferences in favor of the nonmoving party." *CI², Inc.*, ASBCA Nos. 56257, 56337, 11-2 BCA ¶ 34,823 at 171,353 (citing *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010)).

---

[*] The Board notes that while these appeals are consolidated, separate pleadings and motions were filed by the parties. However, the motions are based on the same legal theories and as the determination on both motions is the same, the following discussion and analysis addresses both motions for summary judgment.

4

In support of its motions, the government contends that the terminations for default were reasonable and appropriate because the bilateral modifications, signed on May 23, 2018 in ASBCA No. 61806 and May 10, 2018 in ASBCA No. 61807, purported the contracts would be terminated if appellant failed to timely deliver (SOF ¶¶ 8, 16). Among other arguments, the government asserts that appellant failed to make an argument as to why it failed to perform the contracts and that when it signed the bilateral modifications, it waived the defense that appellant's failure to deliver was beyond its control (gov't reply br. in ASBCA No. 61806 at 3-4; gov't mot. in ASBCA No. 61807 at 4-6). The government cites to *Precision Dynamics, Inc.*, ASBCA No. 42955, 97-1 BCA ¶ 28,846 at 143,892, to support its argument in both appeals, wherein the Board held that when parties agree to a new delivery schedule, all prior causes of delay are eliminated from consideration. *See also Envtl. Devices, Inc.*, ASBCA No. 37430 *et al.*, 93-3 BCA ¶ 26,138 at 129,934 (affirming bilateral agreement to a new delivery schedule disallows consideration of causes of delay occurring prior to that agreement).

Appellant opposes the motions and argues that the government's specifications for the articles at the center of these appeals were defective and it was not possible for appellant to perform and therefore, appellant is not responsible for the consequences of having been provided defective specifications by the government. Appellant cites to *White v. Edsall Construction Co.*, wherein the court found that when the government provides the specifications, the contractor is bound by those specifications and there is an implied warranty that the specifications are free from defects. 296 F.3d 1081, 1084 (Fed. Cir. 2002) (app. reply br. in ASBCA No. 61806 at 11; app. reply br. in ASBCA No. 61807 at 5). Appellant also cites to *Magna Enterprises, Inc.*, wherein the Board states that if the appellant contractor can prove the government-provided specifications are defective, the defective specifications may excuse the appellant contractors' alleged nonperformance. ASBCA No. 51188, 02-1 BCA ¶ 31,660 at 156,421 (citing *McElroy Machine & Mfg. Co.*, ASBCA No. 46477, 99-1 BCA ¶ 30,185 at 149,356) (app. reply br. in ASBCA No. 61806 at 11; app. reply br. in ASBCA No. 61807 at 5). Appellant also argues that it should be permitted to pursue discovery and show that its failure to timely deliver was the fault of the government's defective specifications (app. reply br. in ASBCA No. 61806 at 10; app. reply br. in ASBCA No. 61807 at 5).

As stated above, summary judgment is appropriate when there is no genuine dispute as to any material fact. *Mingus Constructors, Inc.*, 812 F.2d at 1390; *Arko Executive Services, Inc.*, 553 F.3d at 1378; *see also* FED. R. CIV. P. 56(a). It is clear to the Board that there are material facts in dispute. Specifically, whether the government-provided specifications were defective and if that may excuse appellant's failure to deliver acceptable products in these appeals is material to this dispute. As such, the Board finds that the government's motions must be denied and additional discovery is warranted.

5

## CONCLUSION

The government's motions are denied.

Dated: March 3, 2020

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 61806, 61807, Appeals of DCX-CHOL Enterprises, Inc., rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals